

**Office of the Attorney General**
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

**Attorneys for the People of Guam / Government of Guam**

**FILED**
DISTRICT COURT OF GUAM

DEC 22 2005 

**MARY L.M. MORAN**
**CLERK OF COURT**

## IN THE U.S. DISTRICT COURT OF GUAM
## DISTRICT OF GUAM

**05-00038**

| | | |
|---|---|---|
| GOVERNMENT OF GUAM, | ) | Civil Case No. CV05- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **JUDGMENT AND INJUNCTIVE** |
| FELIX P. CAMACHO, as the Governor of | ) | **RELIEF, AND REQUEST FOR** |
| Guam and ARTEMIO B. ILAGAN, as the | ) | **ADVISORY JURY** |
| Director of the Department of Revenue | ) | |
| and Taxation, | ) | |
| | ) | |
| Defendants. | ) | |

## Nature of Complaint

1. This is a civil action arising under the Fourteenth Amendment to the U.S. Constitution; and the Territory of Guam's Organic Act, 48 U.S.C. §§ 1423a and 1421b(e) (due process); (n) (equal protection); and (u)(due process and equal protection clauses of the 14th Amendment extended to Guam), enforceable directly and through 42 U.S.C. § 1983, relating to the authority of officials to assess taxes without ascertaining the actual

Page 1
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 1 of 16

value of the property being taxed. Plaintiff seeks further relief by the Court to enjoin government officials from violating the civil rights of the People of Guam. Plaintiff alleges that Defendants are depriving the People of Guam of property without due process of law, and are violating the People of Guam's right to equal protection of the law by assessing and collecting taxes against real property owners without ascertaining the value of property sought to be taxed, and by discriminating between similarly situated persons and landowners without a rational basis for doing so.

## Jurisdiction & Venue

2. This action arises under the Due Process and Equal Protection Clauses of the 14th Amendment to the United States Constitution enforceable through 42 U.S.C. § 1983; and under 48 U.S.C. §§ 1423a, 1421b(e), 1421b(n) and 1421b(u) the Territory of Guam's Organic Act. Declaratory and further necessary and proper relief is requested under 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 1651 ("all writs necessary or appropriate"). Federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

3. Defendants reside, and a substantial part of the events or omissions giving rise to the claims herein occurred, in the judicial district for the District Court of Guam. Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in the United States District Court for the District of Guam.

Page 2
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038     Document 1     Filed 12/22/2005     Page 2 of 16

# Parties

4. Plaintiff Government of Guam is represented by and through its duly elected Attorney General of Guam. Pursuant to 48 U.S.C. § 1421g(d)(1), the Attorney General of Guam is the "chief legal officer of the government of Guam," and, pursuant to Guam law, is charged with, *inter alia*, protecting the public interest. *See* 5 G.C.A. § 30103 ("The Attorney General shall have, in addition to the powers expressly conferred upon him by this Chapter, those common law powers which include, but are not limited to, the right to bring suit to challenge laws which he believes to be unconstitutional and to bring action on behalf of the Territory representing the citizens as a whole for redress of grievances which the citizens individually cannot achieve, unless expressly limited by any law of Guam to the contrary.").

5. Plaintiff has *parens patriae* standing to bring this action on behalf of the Territory of Guam representing the citizens as whole in order to effectuate Island-wide relief and to compel compliance and adherence by Defendants to the United States Constitution and the Organic Act of Guam.

6. Defendant Felix P. Camacho is a resident of Guam and the duly elected Governor of Guam who, pursuant to 48 U.S.C. § 1422, "shall have general supervision and control of all the departments, bureaus, agencies, and other instrumentalities of the executive branch of the government of Guam." He is sued in his official capacity only.

7. Defendant Artemio B. Ilagan is a resident of Guam and the duly appointed and confirmed Director of the Department of Revenue and Taxation ("DRT"), who is responsible for the administration and enforcement of the tax laws of Guam. He is sued in his official capacity only.

Page 3
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 3 of 16

# Statement of Facts

8.   The authority to assess taxes is granted to Government of Guam officials pursuant to the Organic Act of Guam, 48 U.S.C. § 1423a ("Taxes and assessments on property, internal revenues, sales, license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the government of Guam *as may be uniformly provided* by the Legislature of Guam....") (emphasis added).

9.   The Department of Revenue and Taxation last performed and completed a *uniform*, comprehensive, Island-wide appraisal of real property in 1993.  Since that time, no *uniform*, comprehensive, Island-wide real property appraisal has been conducted.  Under Guam law, real property taxes are assessed based upon the value of real property every three years.  *See* 11 G.C.A. § 24306 ("Commencing with the first Monday in March of 1978 and continuing every three (3) years thereafter, the assessor shall reascertain the value of all property in Guam and such valuation shall be used as the basis for assessment during the annual adjustments for property which has been either improved or suffered loss, as provided by § 24307.  Notwithstanding any other provision of law, if the valuation provided for in this § 24306 is not reascertained every three (3) years as required by this Section, then the last completed valuation as supplemented by the annual adjustments provided for in § 24307 shall be the property tax valuation used under this Chapter.").  As will be seen within, as applied to the facts of this case, the failure to make timely periodic assessments, notwithstanding the "Notwithstanding" clause of § 24306, creates an unconstitutional and inorganic tax system that leads to the application of the tax laws of Guam in a non-uniform and discriminatory manner, in contravention of the Organic Act

Page 4
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038     Document 1     Filed 12/22/2005     Page 4 of 16

of Guam, 48 U.S.C. § 1423a, which requires that taxes and assessments on real property be "uniformly provided by the Legislature of Guam."

10. Since 1993, the year the last comprehensive, *uniform*, Island-wide appraisal was conducted, the value of real property has substantially and drastically depreciated to the degree that failure to conduct Island-wide appraisals results in an arbitrary and capricious valuation of the real property on Guam that is non-uniform and discriminatory. Indeed, on information and belief, despite the intentional failure to conduct a comprehensive, Island-wide appraisal, Defendant Ilagan has caused to be published a real property delinquency list of names of real property owners that allegedly owe the Government monies to which it is not lawfully entitled, and is taking actions to foreclose upon the lands of property owners' who have not paid illegally assessed taxes.

11. On information and belief, since 1993 the values of commercial and residential real property have drastically depreciated, thereby warranting a reduction in real property taxes by Defendants, who have failed to conduct a valuation to base their taxation upon.

12. On information and belief, shortly after the year 1993, because of market forces and conditions, Guam property values drastically depreciated approximately 80% for commercial real properties, and approximately 35% for residential real properties, and are now only beginning to regain their lost values.

13. A comprehensive Island-wide appraisal that is over 12 years old does not accurately reflect the actual values of real property on Guam, resulting in an arbitrary and capricious tax system that violates the rights to due process and equal protection of a statistically significant number of landowners on Guam.

Page 5
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038     Document 1     Filed 12/22/2005     Page 5 of 16

14. On information and belief, Defendants have intentionally failed or refused to conduct an Island-wide appraisal in order to continue collecting unauthorized and illegal revenues based upon non-uniform and falsely inflated values of real properties, most of which are 1993 values derived from the last actual comprehensive Island-wide appraisal.

15. Although the Board of Equalization, *see* 11 G.C.A. § 24501, *et seq.*, is responsible for ascertaining the value of real property on Guam, and for hearing challenges to assessments of taxpayers' real property, and does hear *appeals* in *individual* cases, taxpayers have a right to have their properties regularly and *uniformly* assessed by Defendants without having to proactively pay for private appraisals and bring cases before the Board of Equalization *before* they are taxed by the Government. Stated differently, under the Organic Act of Guam, real property taxpayers are as a matter of law entitled to a proper valuation of their property *before* they are assessed taxes in an otherwise arbitrary, capricious, and non-uniform manner. By analogy to the field of criminal law, it is akin to shifting the burden of proof to the accused to prove his or her innocence.

16. Taxpayers normally must pay for an appraisal in order to support and substantiate their appeal before the Board of Equalization, as compared with the comprehensive, Island-wide appraisal, which is paid for by the Government in order to establish a gauge in which to assess commercial and residential property taxes.

17. Taxes are governmental takings. Defendants' reliance upon appraisals that are 12 years old is an unconstitutional and inorganic deprivation of property. Defendants failure to conduct the *uniform*, comprehensive, Island-wide appraisal of real property has caused a violation of real property taxpayers' due process and equal protection rights.

Page 6
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 6 of 16

18. On information and belief, multiple cases exist wherein property owner's lands are not being uniformly taxed, specifically lands taxed before 1993, the year of the last real property appraisal, and lands taxed after 1996, the date the next comprehensive appraisal should have been conducted. Such disparity is causing a dual system of taxation which is generating falsely inflated revenues from pre-1996 assessed land values, and post-1996 assessed lands.

19. On information and belief, Defendants are awaiting the real property values to increase before they conduct another comprehensive, Island-wide appraisal, in order to avoid the loss in government revenues which will likely occur if an appraisal were conducted as required by law. The last comprehensive Island-wide appraisal should have been conducted in 1996. A comprehensive, Island-wide appraisal takes about a year to complete.

20. Taxpayers' due process rights, as guaranteed by 48 U.S.C. §§ 1421b(e) and (u), and the 14th Amendment to the United States Constitution, have been infringed because the actual value of real property is not being used by Defendants, only an outdated 1993 appraisal, which is now about 12 years old.

21. Taxpayers' equal protection rights, as guaranteed by 48 U.S.C. §§ 1421b(n) and (u), and the 14th Amendment to the United States Constitution, have been infringed because Defendants' real property taxation scheme creates categories of real property taxpayers not provided for in the law, and discriminates against them. Specifically, real property taxpayers who acquired their land pre-1996 are paying at land values which were valued when the real estate market was inflated, and those post-1996, such as acquiring real property after said year, who are having their lands assessed and taxed upon are

Page 7
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 7 of 16

properly paying at actual, deflated values. Taxpayers acquiring their land pre-1996 are unable to have their real properties properly determined due to Defendants' failure to conduct Island-wide appraisals in a uniform manner as required by the Organic Act of Guam, resulting in an arbitrary and capricious tax assessment scheme unrelated to the actual value of the real property being taxed, and which therefore illegally and unconstitutionally shifts the burden for the proper initial tax assessment from the Government to the landowner and taxpayer.

22. Defendants have an affirmative duty under the Organic Act to conduct a timely, comprehensive and uniform appraisal to establish values in order to tax real property owners. Under the Organic Act of Guam, taxpayers are entitled to a uniform assessment of the value of their property prior to being taxed assessed on it.

23. As a consequence of Defendants' failure to conduct the comprehensive, Island-wide appraisal of real property every 3 years, an ad valorem tax has been impermissibly levied upon the real property of commercial and residential real property owners without being adjusted to reflect the current value of the property. Levying taxes on real property without following prescribed procedures has infringed upon the property, due process and equal protection rights of commercial and residential real property owners, insofar as ad valorem taxes are being routinely assessed based upon out-dated and overly-inflated appraisals. Collecting the ad valorem property tax without complying with the statutorily required procedures for determining the value of the property upon which the ad valorem tax was assessed denies commercial and residential real property owners due process and equal protection of the law, in violation of the Fourteenth Amendment of the U.S. Constitution, and in violation of 48 U.S.C. §§ 1421b(e), (n) and (u).

Page 8
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 8 of 16

24.  Due to the scope and magnitude of the Island-wide violation of the Organic Act, which affects every property owner who has not had a proper valuation of his or her property since 1996, the appeals process provided by the Board of Equalization is an inadequate remedy for individual plaintiffs to seek redress of the allegations contained in this complaint.  For this reason, the Attorney General brings this action *parens patriae* "on behalf of the Territory representing the citizens as a whole for redress of grievances which the citizens individually cannot achieve." 5 G.C.A. § 30103.

25.  The People of Guam have suffered, and in the absence of injunctive relief will continue to suffer, immediate and irreparable injury due to the failure of Defendants to conduct timely, uniform and comprehensive Island-wide appraisals so as to properly value commercial and residential real property for taxation purposes.

## Causes of Action

### Count I – Declaratory Judgment
### Interpretation of 48 U.S.C. § 1423a.

26.  The above relevant allegations are hereby incorporated into this Count by reference.

27.  Congress intended under 48 U.S.C. § 1423a that real property be "uniformly" assessed.  Under the current regimen of taxation, a disparate taxation system has evolved over the past 12 years between pre-1996 assess real properties, and those real properties assessed post-1996, because of the actual Island-wide appraisal having been conducted in only 1993.

Page 9
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 9 of 16

28. Those property owners who have had their lands assessed post-1996 *and* had the Department of Revenue and Taxation agree with their assessment, such as new property purchases when values are assigned by Defendant DRT, have been able to accurately have their lands appraised and taxed than others. All other persons remain subject to an arbitrary and discriminatory tax assessment scheme predicated upon out-dated and overly inflated appraisals.

29. Taxpayers should not be required to file often-times costly appeals of their real property values based upon the 12 year delay in Defendants conducting a comprehensive appraisal, but are entitled to the Government conducting reasonable and timely comprehensive, Island-wide appraisals at Government expense. Under the Organic Act of Guam, real property taxpayers are as a matter of law entitled to a proper valuation of their property *before* they are assessed taxes in an otherwise arbitrary, capricious, and non-uniform manner.

30. By not conducting timely, *uniform*, and comprehensive appraisals Defendants have violated Congress' requirement under 48 U.S.C. § 1423a that taxes be assessed uniformly.

### Count II – Declaratory Judgment
### Violation of Due Process Under the
### Fourteenth Amendment and 48 U.S.C. §§ 1421b(e) and (u).

31. The above relevant allegations are hereby incorporated into this Count by reference.

32. The 14th Amendment to the United States Constitution and the Organic Act of Guam require that the Government of Guam not deprive a person of property without due process of law.

Page 10
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 10 of 16

33. On information and belief, Defendants are permitting and furthering a system of taxation which is taking property, in the form of taxes or property foreclosures due to failure to pay assessed taxes, without using an appraisal of said real property that has a modicum of accuracy, in violation of the due process clause of the U.S. Constitution and the Organic Act of Guam.

34. On information and belief, the scheme of taxation being utilized by Defendants is pervasive and adversely affects a statistically significant number of real property owners on Guam. Defendants are illegally causing the arbitrary, capricious, and non-uniform collection of revenues based upon an out-dated and overly inflated appraisal not reflecting current economic reality or true property values, and using the authority and enforcement power of the Government in order to continue and promote the acquisition of monies which cannot be reasonably justified by an appraisal, and devoid of due process of law protections.

35. Taxpayers should not be required to file appeals of their real property values based upon the 12 year delay in Defendants conducting a comprehensive appraisal, but are entitled to the Government conducting reasonable, timely, comprehensive and *uniform* Island-wide appraisals.

36. Defendants' actions and failures to act in their taxation of real property, including conducting a comprehensive, Island-wide real property appraisal, constitutes an impermissible violation of the due process clause of the 14th Amendment and 48 U.S.C. §§ 1421b(e) and (u).

Page 11
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 11 of 16

## Count III – Declaratory Judgment
## Violation of Equal Protection under the Fourteenth Amendment
## and 48 U.S.C. §§ 1421b(n) and (u).

37. The above relevant allegations are hereby incorporated into this Count by reference.

38. The 14th Amendment to the United States Constitution and the Organic Act of Guam require that the Government of Guam provide persons with the equal protection of the laws.

39. On information and belief, Defendants are permitting and furthering a system of taxation which is impermissibly creating and discriminating against categories of commercial and residential taxpayers so Defendants can receive and utilize monies they would not otherwise be entitled to under the law in violation of the equal protection clause of the 14th Amendment and 48 U.S.C. §§ 1421b(n) and (u).

40. The scheme of taxation being utilized by Defendants is pervasive and adversely affects most all commercial and residential real property owners on Guam. The categories of taxpayers include those assessed on or before 1996, and those assessed after 1996. Because property values have drastically fallen since 1993, those who were assessed before 1996 are now paying real property taxes on real property values which are drastically higher than they should be, rather than those who's real property values have been assessed after 1996, such as persons who had purchased property and an actual appraisal was conducted.

41. Defendants failure to timely and uniformly assess the value of real property on Guam perpetuates a discriminatory scheme of real property taxation in violation of the U.S. Constitution and the Organic Act of Guam.

Page 12
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 12 of 16

42. Taxpayers should not be required to file appeals of their real property values based upon the 12 year delay in Defendants conducting a comprehensive appraisal, but are entitled, as a matter of law, to the Government conducting reasonable, timely, comprehensive and *uniform* Island-wide appraisals.

43. Defendants' actions and failures to act in their taxation of real property, including conducting a comprehensive, Island-wide real property appraisal, constitutes an impermissible violation of the equal protection clause of the 14th Amendment and 48 U.S.C. §§ 1421b(n) and (u).

### Count IV – Injunctive Relief.

44. The above relevant allegations are hereby incorporated into this Count by reference.

45. The People of Guam have suffered, and in the absence of injunctive relief will continue to suffer immediate and irreparable injury due to the failure of Defendants to conduct a comprehensive appraisal so as to properly value real property for taxation purposes in a timely, comprehensive and *uniform* manner.

46. Without the Court's intervention, Plaintiff has no plain, speedy or adequate remedy at law. Defendants have known about the lack of a comprehensive Island-wide appraisal for years and have intentionally failed and refused to conduct said comprehensive appraisal. Defendants continue to tax landowners without accurately assessing real property values in violation of the United States Constitution and the Organic Act of Guam.

Page 13
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 13 of 16

# Prayer for Relief

**WHEREFORE**, the Government of Guam prays that his Honorable Court grant the following relief:

1. issue a declaratory judgment that the failure to conduct a comprehensive and current real property appraisal for Guam while assessing real property taxes is a violation of 48 U.S.C. § 1423a;

2. issue a declaratory judgment declaring that the current regime of assessing real property taxes without a comprehensive and current real property appraisal impermissibly violates Congress' requirement that taxation be uniformly assessed by the Government;

3. issue a declaratory judgment declaring that the current regime of assessing real property taxes without a comprehensive and current real property appraisal impermissibly violates the due process clause of the U.S. Constitution and the Organic Act of Guam;

4. issue a declaratory judgment declaring that the current regime of assessing real property taxes using an old appraisal for a select group of taxpayers utilizing outdated values, and valuing a later in time group of properties more accurately, impermissibly violates the equal protection clause of the U.S. Constitution and the Organic Act of Guam;

5. issue an injunction ordering that Defendants, and their successors, agents, employees, and all those acting in concert with them, to properly and comprehensively value all real property in a uniform manner before assessing real property taxes;

Page 14
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 14 of 16

6. issue an injunction ordering that all taxation stop until Defendants, and their successors, agents, employees, and all those acting in concert with them, conduct a comprehensive, uniform, Island-wide appraisal of real property;

7. issue such preliminary injunctive relief as may be requested by Plaintiff;

8. award Plaintiff reasonable costs; *and*

9. grant Plaintiff such other relief as the Court deems necessary and just.

## Request for Advisory Jury Trial

Pursuant to Fed.R.Civ.P. 39(c), Plaintiff requests an advisory jury for all issues so triable.

Respectfully submitted this 22nd day of December, 2005.

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, Attorney General of Guam

**JOSEPH A. GUTHRIE**
Deputy Attorney General of Guam

Page 15
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038    Document 1    Filed 12/22/2005    Page 15 of 16

# VERIFICATION

I, **JOSEPH A. GUTHRIE**, the undersigned, being first duly sworn, depose and say:

That I am a Deputy Attorney General of Guam and duly designated legal representative for the Government of Guam, and that I have read the foregoing complaint, and that to the best of my knowledge and belief, the matters therein stated are true and correct as they apply to myself, except as to those matters alleged upon information and belief, as to those matters I believe them to be true.

Sworn to under penalty of perjury this 22nd day of December, 2005.

_____
**JOSEPH A. GUTHRIE**
Deputy Attorney General of Guam

Page 16
*Complaint for Declaratory Judgment and Injunctive Relief, and Request for Advisory Jury*
U.S. District Court of Guam Civil Case No. CV05-_____

Case 1:05-cv-00038     Document 1     Filed 12/22/2005     Page 16 of 16