CABOT
MANTANONA LLP
BankPacific Bldg., Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



FILED
DISTRICT COURT OF GUAM

MAR -2 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM,<br><br>              Plaintiff,<br><br>vs.<br><br>FELIX P. CAMACHO, as the Governor of Guam, and ARTEMIO B. ILAGAN, as the Director of the Department of Revenue and Taxation,<br><br>              Defendants. | CIVIL CASE NO. CV05-00038<br><br>**DEFENDANT ILAGAN'S: (A) JOINDER IN DEFENDANT CAMACHO'S MOTIONS: (1) TO DISMISS PLAINTIFF'S COMPLAINT; OR (2) IN THE ALTERNATIVE, TO STAY; AND (B) MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION** |

**A.    Defendant Ilagan Joins in Defendant Camacho's Motions**

Defendant Artemio B. Ilagan, as the Director of the Department of Revenue and Taxation ("Mr. Ilagan"), through his attorneys of record, Cabot Mantanona LLP, by David W. Hopkins, Esq., joins in Defendant Felix P. Camacho's Motions: (1) to Dismiss Plaintiff's Complaint; or (2) in the Alternative, to Abstain; or (3) in the Alternative, to Stay.

Mr. Ilagan very respectfully submits that issue preclusion does not require mutuality between the parties. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-33 (1979) ("Parklane Hosiery"); see Abrenilla v. China Ins. Co., Ltd., 1988 WL 236531, at *3 (D. Guam App. Div. 1988) ("identity of parties is not required, rather the inquiry is whether the

party against whom the prior judgment is offered had a full and fair opportunity to litigate the issue in the prior action."), rev'd on other grounds 870 F.2d 548 (9th Cir. 1989).

Mr. Ilagan respectfully submits that the decision of the Supreme Court of Guam in In Re Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Section 11 of the Organic Act, 2003 WL 21697180, 2003 Guam 16 (Guam 2003) ("In Re Camacho"), against the Attorney General compels dismissal of Plaintiff's complaint under the doctrine of defensive collateral estoppel. In Masson v. New Yorker Magazine, Inc., 85 F.3d 1394 (9th Cir. 1996) ("Masson"), the magazine contended that a previous verdict in favor of the author and against the same Plaintiff in his libel action compelled a judgment in favor of the magazine under the doctrine of defensive collateral estoppel. The Circuit Court of Appeals for the Ninth Circuit agreed, stating in pertinent part:

> "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." .... Defensive collateral estoppel applies "when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." .... Findings made in one proceeding in which a party has had a full and fair opportunity to litigate may be used against that party in subsequent litigation. ....

Masson, 85 F.3d 1394, 1400, citing Parklane Hosiery, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971).

The Supreme Court of the United States, in Parklane Hosiery, stated:

In any lawsuit where a defendant, because of the mutuality

2

> principal, is forced to present a complete defense on the merits to a claim which the plaintiff has fully litigated and lost in a prior action, there is an arguable misallocation of resources, to the extent the defendant in the second suit may not win by asserting, without contradiction, that the plaintiff had fully and fairly, but unsuccessfully, litigated the same claim in the prior suit, the defendant's time and money are diverted from alternative uses – productive or otherwise – to relitigation of a decided issue. And, still assuming that the issue was resolved correctly in the first suit, there is reason to be concerned about the plaintiff's allocation of resources. Permitting repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of a gaming table or a lack of discipline and disinterestedness on the part of the lower courts, and hardly a worthy or wise basis for fashioning rules of procedure.

Parklane Hosiery, 439 U.S. at 328, citing Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 US 180, 185, 96 L.Ed. 200, 72 S.Ct. 219 (1952).

Accordingly, it does not matter that Mr. Ilagan was not a party in the In Re Camacho action. The Attorney General was a party to that action, and it had a full and fair opportunity to litigate the issue of whether Guam's system of real property assessment complied with federal law. See Parklane Hosiery, 439 U.S. at 329-33; In Re Camacho, 2003 Guam 16, ¶¶ 40-41. The Attorney General lost in In Re Camacho, and is now precluded from relitigating the same issues.

Mr. Ilagan very respectfully submits that this Honorable Court should apply the reasoning in Masson to the case at bar as follows:

> [The Attorney General] received a full and fair opportunity to litigate [his] claims in [In Re Camacho]. Because the [Supreme Court of Guam] found that [Guam's system of real property assessment complied with federal law, Defendant Ilagan cannot be held liable in the case at bar.] The

3

>     preclusive effect of the [opinion of the Supreme Court of Guam
>     in In Re Camacho] requires [a dismissal of the Plaintiff's
>     complaint. The Government of Guam] is barred from
>     relitigating these issues against [Defendant Ilagan] in a
>     subsequent trial [herein].

See Masson, 85 F.3d 1394, 1400.

For the foregoing reasons and the reasons set out in Defendant Camacho's well-reasoned motions: (1) the Plaintiff's Complaint herein must be dismissed; or (2) alternatively, this Honorable Court should stay the case at bar pending the appeal of In Re Camacho.

### B. Defendant Ilagan Moves to Dismiss Plaintiff's Complaint Due to Lack of Subject Matter Jurisdiction.

Mr. Ilagan, through his attorneys of record, Cabot Mantanona LLP, by David W. Hopkins, Esq., very respectfully submits this memorandum of points and authorities in support of his motion to dismiss the Attorney General of Guam's complaint in this action, brought in the name of the government of Guam, due to lack of subject matter jurisdiction. Mr. Ilagan moves to dismiss Plaintiff's complaint due to lack of subject matter jurisdiction because Plaintiff's complaint herein: (1) does not involve the Guam Territorial Income Tax ("GTIT"); (2) does not involve any specific individual, or individuals, and specific tax controversies; and (3) requests that this Honorable Court render an advisory opinion.

In In re I Mina' Bente Sing'ko Na Liheslaturan Guahan, 2001 WL 113985, 2001 Guam 3 (Guam 2001) ("Relative to the EIC Question"), the Supreme Court of Guam thoroughly evaluated the jurisdiction of the District Court of Guam as defined by the Organic Act (48 USC §§ 1421, et seq.). Mr. Ilagan very respectfully submits that this

4

Honorable Court should apply the reasoning in <u>Relative to the EIC Question</u> to the case at bar as follows:

> ... the [Attorney General] filed [his] Complaint [herein] seeking this court's opinion [regarding Guam's system of real property assessment.] ....
>
> * * *
>
> .... [Mr. Ilagan] contends that *Government of Guam v. Superior Court of Guam (Guam Dai-Ichi Hotel, Inc., Real Party in Interest)* held that legislation, which can be construed to be a tax measure, would be properly brought to the District Court when a controversy arises with respect to such legislation. *See* 998 F.2d 754 (9th Cir.1993) (disputing whether GEDA qualifying certificates may be filed in district court). Thus, the dispositive inquiry concerning jurisdiction is whether the action here falls within the ambit of the District Court's exclusive original jurisdiction. In examining this question, we turn to 48 U.S.C. § 1421i(h), which provides:
>> 1421i. Income Tax.
>> (h) Jurisdiction of District Court; suits for recovery or collection of taxes; payment of judgment. (1) Notwithstanding any provision of Section 22 of this Act [section 1424 of Title 48] or any other provisions of law to the contrary, the District Court of Guam shall have exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, with respect to the [GTIT].
>
> 48 U.S.C. § 1421i(h)(1) (1954). Section 1421i(h) plainly states that the District Court has exclusive original jurisdiction over all civil and criminal judicial proceedings for any offense and any amount when the GTIT is the subject matter of the litigation.
>
> As we review section 1421i, we observe illustrations in its language that the District Court's jurisdiction extends to taxpayer suits involving to specific tax controversies. .... These provisions signal that the District Court's jurisdiction encompasses only taxpayer suits involving a specific tax controversy.

5

Case law bolsters our interpretation of section 1421i(h).
.... In each of these cases, we find that the action involved a taxpayer and a specific tax controversy.

Such a finding is consistent with federal constitutional and prudential limitations restraining district courts from assuming jurisdiction over various disputes. The "case or controversy" limitation of the United States Constitution prohibits federal courts from rendering advisory opinions. *See Aetna Life Ins. Co. v.. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); U.S. Const. amend. X. *Aetna* announced the meaning of "controversy" in the constitutional sense as follows:

> A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts ....

300 U.S. at 240-41, 57 S.Ct. at 464 (citations omitted). In *Aetna,* the controversy concerned a specific insured, four specific life insurance policies, and a complaint that the policies be declared null and void by reason of lapse for nonpayment of premiums. *Id.* at 237, 239, 57 S.Ct. at 462-63. Such facts constituted a controversy in the constitutional sense. *Id.* at 244, 57 S.Ct. at 465.

In contrast here, [this Honorable Court is asked by the Government of Guam] to render an advisory opinion on [Guam's system of real property assessment]. Unlike *Guam Dai Ichi Hotel* and the other tax cases, no aggrieved taxpayer, no penalty nor contested assessment is involved in the instant case. No question arises here over whether the government owes any specific individual, or individuals, [a different system of real property assessment]. Neither is there a controversy in the constitutional sense. .... No specific legal relationship is

6

at stake, no specific relief is sought, nor do the parties have direct adverse legal interests in this controversy. Instead, the questions here, presented in the form of a request for declaratory judgment, involve only hypothetical taxpayers, [subject to real property assessments], and whether they are entitled to [a different system of real property assessment] Thus, it [would probably be] the position of [the Supreme Court of Guam] that the [Government of Guam's] request for declaratory judgment falls outside the District Court's jurisdiction as defined by the Organic Act.

See Relative to the EIC Question, 2001 WL 113985 at *2-*4, 2001 Guam 3 at ¶¶ 7, 9-13 (citations and footnote omitted).

For the foregoing reasons and the reasons set out in Defendant Camacho's well-reasoned motions, the Plaintiff's Complaint herein must be dismissed due to lack of subject matter jurisdiction.

Respectfully submitted this 2d day of March, 2006.

CABOT MANTANONA LLP
Attorneys for Defendant Artemio B. Ilagan

By: _____
DAVID W. HOPKINS

DWH:km
REV&TAX\JOINDER IN MOTION TO DISMISS

7

Case 1:05-cv-00038   Document 16   Filed 03/02/2006   Page 7 of 7