

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail

Attorneys for the Government of Guam (People of Guam)

FILED
DISTRICT COURT OF GUAM
APR 14 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE U.S. DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, ) | Civil Case Number CV05-0038 00038 |
| Plaintiff, ) | |
| vs. ) | |
| FELIX P. CAMACHO, as the Governor of Guam, and ARTEMIO B. ILAGAN, as the Director of the Department of Revenue and Taxation, ) | **THE PEOPLE'S OPPOSITION TO MOTIONS TO DISMISS AND TO STAY** |
| Defendants. ) | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

I. A Case or Controversy Exists. ........................................................................ 1

II. The Attorney General of Guam Maintains Common Law *Parens Patriae* Standing to Sue on Behalf of the People of Guam. ................................................................................................................. 5

III. The Attorney General of Guam's Enabling Legislation Confers Standing & Mandates Action to Protect the Public Interest. ........................................................................................................... 10

IV. Sufficient Indicia of Sovereignty Exists for Guam to Maintain *Parens Patriae* Authority. ................................................................ 14

V. Collateral Estoppel is Inapposite. .............................................................. 17

    A. In Guam, a Judgment is not Final for Purposes of Collateral Estoppel Until the Time for Appeal of the Judgment has Expired, or, if an Appeal is Mounted, when it is Resolved. ................................................................................ 17

    B. Issue Preclusion does not Apply Because the Issues Involved in the Bond Case were Purely Questions of Law. .................................................................................................................. 20

VI. Count 1 States a Valid Claim for Failure to Uniformly Assess Taxes. ................................................................................................. 25

VII. Count II States a Valid Due Process Claim. ............................................ 28

VIII. Count III States a Valid Equal Protection Claim. .................................. 29

IX. Legal & Public Policy Reasons Warrant This Action Proceeding. ................................................................................................. 33

X. Conclusion. .................................................................................................. 36

# TABLE OF AUTHORITIES

**Constitutional Provisions**

U.S. Const. art. III, § 2.................................................................................6, 7

U.S. Const. art. IV ................................................................................14

**Supreme Court Cases**

*Bolling v. Sharpe*, 347 U.S. 497 (1954)...........................................................28

*Georgia v. Pennsylvania Ry. Co.*, 324 U.S. 439, 65 S. Ct 716, 89 L. Ed. 1051 (1945)..................................................................................................7

*Gutierrez v. Ada*, 528 U.S. 250, 120 S. Ct. 740, 145 L. Ed. 2d 747 (2000)............15

*Hawaii v. Standard Oil Co.*, 405 U.S. 251, 92 S. Ct. 885, 31 L. Ed. 2d 184 (1972) ..................................................................................................6, 7, 8

*Montana v. United States*, 440 U.S. 147, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979) ..................................................................................................21, 23

*Pennsylvania v. New Jersey*, 426 U.S. 660, 96 S. Ct. 2333 (1976)..........................6

*People v. Olsen*, 431 U.S. 195, 97 S. Ct. 1774, 52 L. Ed. 2d 250 (1977)................15

*Sioux City Bridge Co. v. Dakota County, Neb.*, 260 U.S. 441, 43 S. Ct. 190 (1923) ..................................................................................................30

*United States v. Moser*, 266 U.S. 236, 45 S. Ct. 66, 69 L. Ed. 262 (1924)..............21

*United States v. Stauffer Chem. Co.*, 464 U.S. 165, 104 S. Ct. 575 (1984)........21, 24

**Federal Cases**

*Ada v. Gov't of Guam*, 179 F.3d 672 (9th Cir. 1999), *rev'd on other grounds sub nom. Gutierrez v. Ada*, 528 U.S. 250, 120 S. Ct. 740, 145 L. Ed. 2d 747 (2000) ..................................................................................................17, 18, 19, 20

*Berne Corp. v. Gov't of Virgin Islands*, 262 F. Supp. 2d 540 (D.V.I. 2003), *aff'd*, 105 Fed. Appx. 324 (3d Cir. 2004)..................................................4, 31, 32, 34

*Bluebeard's Castle, Inc. v. Gov't of Virgin Islands*, 321 F.3d 394 (3d Cir. 2003) ..................................................................................................2, 3

*Collins v. Alaska*, 823 F.2d 329 (9th Cir. 1987) .............................................21

*Haeuser v. Dept. of Law*, 97 F.3d 1152 (9th Cir. 1996)....................................16

*In re Request of Governor Camacho Relative to Interpretation and Application of Section 11 of Organic Act of Guam*, Case No. 03-72836, slip op. at 1 (9th Cir. Mar. 6, 2006) ("the Bond Case")..................................................18

*Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022 (9th Cir. 2005) ..................20

*Marx v. Gov't of Guam*, 866 F.2d 294 (9th Cir. 1989) ..................16

*People v. Guerrero*, 290 F.3d 1210 (9th Cir. 2002) ..................15

*People v. Okada (II)*, 715 F.2d 1347 (9th Cir. 1983), *cert. denied*, 469 U.S. 1021, 105 S. Ct. 441, 83 L. Ed. 2d 367 (1984) ..................15

*Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988) ..................20

*Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285 (9th Cir. 1985), *cert. denied*, 475 U.S. 1081, 106 S. Ct. 1457, 89 L. Ed. 2d 715 (1986) ..................15

*Segal v. Am. Tel. & Tel. Co. Inc.*, 606 F.2d 842 (9th Cir. 1979) ..................21

*State of New York ex rel. Spitzer v. Cain*, ___ F. Supp. 2d ___, 2006 WL 337468 (S.D.N.Y 2006) ..................9

**State and Territorial Cases**

*A.B. Won Pat Guam Int'l Airport Auth. v. Moylan*, 2005 Guam 5, *cert. denied*, ___ U.S. ___, 126 S. Ct. 338, 163 L. Ed. 2d 50 (2005) ..................13, 14

*Department of Mental Health v. Coty*, 38 Ill. 2d 602, 232 N.E.2d 686 (Ill. 1967) ..................11

*Department of Revenue v. State Tax Appeal Bd.*, 613 P.2d 691 (Mont. 1980) ..................30

*Downingtown Area School Dist. v. Chester County Bd. Of Assessment Appeals*, 819 A.2d 615 (Pa. Commmw. Ct. 2003), *appeal granted in part*, 846 A.2d 74 (Pa. 2004) ..................26, 29

*Feeney v. Commonwealth*, 373 Mass. 359, 366 N.E.2d 1262 (Mass. 1977) ..................10

*In re I Mina Sing'ko Naheslaturan Guahan*, 2001 Guam 3 ..................1

*In re Request of Governor Camacho Relative to Interpretation and Application of Section 11 of Organic Act of Guam*, 2003 Guam 16 ("the Bond Case") ..................2, 23, 24

*Larson v. State*, 534 P.2d 854 (Mont. 1975) ..................26, 27, 29

*Lyons v. Ryan*, 201 Ill. 2d 529, 780 N.E.2d 1098 (Ill. 2002) ..................5

*Moylan v. Camacho*, Case No. SP230-03 (Guam Super. Ct. Nov. 12, 2003) ..................14

*Patterson v. Dep't of Revenue*, 557 P.2d 798 (Mont. 1976) ..................29

*People ex rel. Hartigan v. E & E Hauling, Inc.*, 180 Ill. Dec. 271, 153 Ill.2d 473, 607 N.E.2d 165 (Ill. 1992) ..................10

*People ex rel. Scott v. Briceland*, 3 Ill. Dec. 739, 65 Ill. 2d 485, 359 N.E.2d 149 (Ill. 1976) ..................11

*People v. Grasso*, ___ N.Y.2d ___, 2006 WL 657115 (N.Y. Sup. Ct. 2006) ..................8

*Vees v. Carbon County Bd. Of Assessment Appeals*, 867 A.2d 742 (Pa. Commw. Ct. 2005) ................................................................. 25, 29

*Wade v. Mississippi Cooperative Extension Service*, 392 F. Supp.229, 232 (N.D. Miss. 1975) ................................................................. 11

**Federal Statutes**

15 U.S.C. § 15 ................................................................. 6

42 U.S.C. § 1983 ................................................................. 32

48 U.S.C. § 1391 ................................................................. 3

48 U.S.C. § 1401a ................................................................. 3, 32

48 U.S.C. § 1421b(u) ................................................................. 28

48 U.S.C. § 1421g(d)(1) ................................................................. 5, 11, 13, 16

48 U.S.C. § 1422 ................................................................. 18, 34

48 U.S.C. § 1422a ................................................................. 16

48 U.S.C. § 1423a ................................................................. 3, 11, 23, 24, 25

48 U.S.C. § 1424 ................................................................. 15

48 U.S.C. § 1424-1 ................................................................. 16

48 U.S.C. § 1493 ................................................................. 15

H.R. Rep. No. 105-742 (1998), 1998 WL 658802 ................................................................. 16

H.R. Rep. No.105-742 (1998) ................................................................. 16

**Guam Statutes**

5 G.C.A. § 30103 ................................................................. 10, 11, 12, 13, 16

5 G.C.A. §7101 ................................................................. 12

7 G.C.A. § 26707 ................................................................. 19

11 G.C.A. § 24511 ................................................................. 12

11 G.C.A. § 24306 ................................................................. 11, 12, 24, 27

**Other Authorities**

MANAGEMENT PLANNING DIV., PA. DEP'T. OF JUSTICE, A HISTORY OF THE ATTORNEY GENERAL IN PENNSYLVANIA 1-15 (1972) ................................................................. 10

The People of Guam (Plaintiff Government of Guam) hereby oppose the Motions to Dismiss and to Stay for the following reasons.

## I.

## A Case or Controversy Exists.

The People present a "case or controversy" that is justiciable. The opposition analogizes the instant case to *In re I Mina Sing'ko Naheslaturan Guahan*, 2001 Guam 3, in which the Guam Supreme Court held that the Earned Income Tax Credit ("EITC") applied to Guam. In that case, the Guam Supreme Court rationalized its assumption of jurisdiction of the case under 7 G.C.A. § 4104, which grants the Guam Supreme Court original jurisdiction to render advisory opinions[1].

In *In re I Mina Sing'ko Naheslaturan Guahan*, the Guam Supreme Court concluded that the EITC question did not present a case or controversy and consequently rejected the Government's argument that only the District Court of Guam could have jurisdiction over the case under Federal statutes providing the District Court of Guam with exclusive original jurisdiction over tax cases. 2001 Guam 3, ¶ 13. Instead, the Guam Supreme Court held that the case, because it involved only an

---

[1] Noteworthy is that the Supreme Court of Guam lacked original jurisdiction under the Organic Act as it existed at the time. 48 U.S.C. § 1424-1(a). *Territory of Guam v. Olsen*, 431 U.S. 195, 97 S. Ct. 1774, 52 L. Ed. 2d 250 (1977). This issue is currently before the appellate courts in the Bond Case, *In re Request of Governor Camacho Relative to Interpretation and Application of Section 11 of Organic Act of Guam*, Case No. 03-72836, slip op. at 1 (9th Cir. Mar. 6, 2006). There, the Ninth Circuit granted the petition for writ of certiorari, but recently dismissed the appeal when the court lost appellate jurisdiction through a congressional amendment in 2005, *see* H.R. 2400, to the Organic Act and no grandfather clause permitted the court to decide

advisory matter, could not be decided in the District Court of Guam, but could be heard pursuant to 7 G.C.A. § 4104.

Similarly, here, the Director argues that the instant case does not present a "case or controversy." However, the allegations of the Complaint, if taken as true (as they must, for purposes of a Motion to Dismiss), raise concrete, justiciable issues, not issues based on hypothetical facts. First, the Complaint alleges that assessment of property values on Guam for real property tax purposes differs from taxpayer to taxpayer, depending on whether the appraisal of a property occurred prior to 1996, or after 1996, resulting in illegal disparities in taxation. Moreover, money is being illegally assessed against taxpayers without the defendants having valued the properties being taxed. Although the property tax issue had not ripened into a case or controversy when the Guam Supreme Court was deciding another case, *see In re Request of Governor Camacho Relative to Interpretation and Application of Section 11 of Organic Act of Guam*, 2003 Guam 16 ("the Bond Case"), that is not true here, because this case involves different claims and issues. See discussion at Part V, *infra*. The claims and issues alleged in the instant case, taken as true for purposes of the motion to dismiss, have ripened into an actual case or controversy. Thus, this Court has subject matter jurisdiction and Defendants' motion to dismiss for lack of subject matter jurisdiction must be denied.

In *Bluebeard's Castle, Inc. v. Gov't of Virgin Islands*, 321 F.3d 394 (3d Cir. 2003), the defendant territorial government challenged the district court's subject

---

pending appeals. A petition for writ of certiorari to appeal this matter before the U.S. Supreme Court is currently being prepared.

matter jurisdiction over a case brought by a plaintiff property owner-taxpayer regarding the territorial government's real property tax assessment methods. *Id.* at 401-02. The plaintiff sued for redress of a civil rights violation resulting from the territorial government's valuation of real property based on replacement cost and declaration value, which did not result in a property tax assessment based on actual value as required by a Federal law, 48 U.S.C. § 1401a. *Bluebeard's Castle*, 321 F.3d at 396. Section 1401a forms part of the Revised Organic Act of the Virgin Islands, ch. 558, 68 Stat. 497 (July 22, 1984), codified as amended at 48 U.S.C. § 1391 *et seq.* The defendant territorial government argued that this amounted to nothing more than a purely local tax question, giving plaintiff no right to be heard in Federal Court. *Bluebeard's Castle*, 321 F.3d at 402. The district court, however, disagreed, holding that the plaintiff's complaint sufficiently alleged a Federal claim to grant the district court subject matter jurisdiction over the action. The Third Circuit Court of Appeals affirmed: "Because plaintiff's claims 'arise under' § 1401a, they are subject to the jurisdiction of the District Court". *Bluebeard's Castle*, 321 F.3d at 402.

Like the plaintiff in *Bluebeard's Castle*, the People in the instant case are challenging the Defendants real property tax assessment methods. Specifically, the People allege that Defendants, in failing to implement the triennial assessment, have permitted a system of property taxation to arise in which taxpayers receive different tax bills, depending upon when their properties were assessed for tax purposes. This, the Complaint alleges, constitutes a violation of the uniformity requirement of 48 U.S.C. § 1423a, which is both a Federal statute and a part of the Organic Act of Guam. Because the People's arguments regarding the uniformity requirement necessarily refer

to the triennial assessment, Defendants here, like the defendant in *Bluebeard's Castle*, argue that the People's case is purely a matter of local law over which the district court has no jurisdiction. However, like the plaintiff in *Bluebeard's Castle*, the Plaintiff here sufficiently alleges a Federal claim to grant the district court subject matter jurisdiction over the action. Therefore, Defendants' motion to dismiss on these grounds should be denied.

In addition, the district court has an alternative basis of jurisdiction. In *Berne Corp. v. Gov't of Virgin Islands*, 262 F. Supp. 2d 540 (D.V.I. 2003), *aff'd*, 105 Fed. Appx. 324 (3d Cir. 2004), real property owner taxpayers sued the territorial government in a civil rights action relating to property taxes. The record showed that the taxpayers' complaint also alleged violations of their constitutional rights under the due process and equal protection clauses of the United States Constitution. *Berne*, 105 Fed. Appx. at 328. The district court found it unnecessary to rule on the taxpayers' constitutional claims because the court had already determined that the taxpayers had prevailed on their statutory claims. *Berne*, 262 F. Supp. 2d at 565 n.23. The Third Circuit Court of Appeals, however, held that "the plaintiffs adequately presented the constitutional claims on the face of their complaint, [and] this alone conferred subject matter jurisdiction on the District Court." *Berne*, 105 Fed. Appx. at 328.

Similarly, in the instant case, the People's Complaint alleges due process and equal protection violations, along with supporting factual allegations. Thus, the People have adequately presented its constitutional claims on the face of the Complaint. As a result, this Court has subject matter jurisdiction over this action. Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction should be denied.

Page 4
*The People's Opposition to Motions to Dismiss and to Stay*
District Court of Guam Civil Case Number CV05-0038

Case 1:05-cv-00038    Document 30    Filed 04/14/2006    Page 9 of 9