## VII.

## Count II States a Valid Due Process Claim.

The Oppositions' Memo at page 14 characterizes the Attorney General of Guam's due process claims as arising under the Fourteenth Amendment of the United States Constitution, which is made applicable to Guam under 48 U.S.C. § 1421b(u). Yet on pages 4-5 of the Oppositions' Memo, his Memo, they describe Guam as a Federal entity and the Defendants as Federal officers. Assuming arguendo that Defendants' assertion are correct and that Guam is a Federal entity and the Defendants are Federal officers, any due process rights at issue in this case would not arise under the Fourteenth Amendment, because this case does not involve state action. Instead, any due process rights implicated in this action would arise under the Fifth Amendment to the United States Constitution, which is made applicable to Guam under 48 U.S.C. § 1421b(u). *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

In *Bolling*, where the Federal entity involved was the District of Columbia school system, the United States Supreme Court held that due process under the Fifth Amendment embodies concepts of both equal protection and due process when considering actions by citizens against entities of the Federal government. *Id.* For the purposes of Defendants' motion to dismiss only, the Attorney General of Guam accepts the Oppositions' characterization of Guam as a Federal entity and the Defendants as Federal officers, as is the Attorney General of Guam himself. 48 U.S.C. § 1421g(d)(1). This obviates the need to discuss Fourteenth Amendment "due process" claims, since the Fifth Amendment due process claims subsume the equal protection claims. Consistent with Defendants' characterization, this Court must construe the Attorney

General of Guam's due process claims as encompassing equal protection claims for purposes of determining whether the Attorney General of Guam's due process claims state a valid claim for relief.

Consequently, Defendants are limited to challenging the Attorney General of Guam's due process claims to those of his claims that arise under the Fifth Amendment and cannot challenge the Attorney General of Guam's due process claims made under the Fourteenth Amendment. As a result, Count II states a valid Fifth Amendment due process claim for the reasons set forth in Part VIII, *infra*, addressing on the equal protection claim, and Defendant's motion to dismiss for failure to state a valid due process claim must be denied.

## VIII.

## Count III States a Valid Equal Protection Claim.

A violation of the uniformity requirement in taxation typically results in a violation of equal protection and due process requirements as well. *See Patterson v. Dep't of Revenue*, 557 P.2d 798, 802 (Mont. 1976) (citing *Larson*, 534 P.2d 854). "Alleged violations of the equal protection and uniformity clauses are analyzed in the same manner." *Vees*, 867 A.2d at 746 n.4 (citing *Appeal of Armco, Inc.*, 515 A.2d 326 (Pa. 1986)); *see Downingtown Area School Dist.*, 819 A.2d at 618 ("In matters of taxation, allegations of violations of the equal protection clause of the United States Constitution and the uniformity clause of the [State] Constitution are analyzed in the same manner, requiring equality of burden upon classes or things subject to the tax in question.") (quoting *Equitable Life Assurance Society of the United States v. Murphy*,

621 A.2d 1078, 1086 n.12 (Pa. 1993) (citing *Aldine Apartments, Inc. v. Commonwealth*, 426 A.2d 1118 (1981))).

In *Sioux City Bridge Co. v. Dakota County, Neb.*, 260 U.S. 441, 43 S. Ct. 190 (1923), the plaintiff alleged that its property was appraised for *ad valorem* tax purposes at one hundred percent (100%) of market value, whereas the property of other taxpayers was appraised for tax purposes at fifty-five percent (55%) of market value. *Id.* at 445. The *Sioux City Bridge* Court held that the overvaluation of the plaintiff's property vis-à-vis the property of other taxpayers, even though the plaintiff's property was appraised in accordance with a Nebraska statute, constituted a violation of equal protection. *Id.* The Court concluded that appraisal of the value of the plaintiff's property had to be determined in the same way as that of other taxpayers:

> This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. *The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law.*

*Id.* at 446 (emphasis added); *accord Department of Revenue v. State Tax Appeal Bd.*, 613 P.2d 691, 695 (Mont. 1980).

Like the plaintiffs in *Sioux City Bridge*, the Attorney General of Guam in the instant case has alleged that properties taxed on the basis of the 1993 appraisal are overvalued for purposes of *ad valorem* taxation. Taking as true the facts alleged in the Complaint regarding the steep decline in real estate values shortly after 1993, this overvaluation was built into the law when the Guam Legislature amended § 24306 of the Real Property Tax Law to direct that the last completed valuation as supplemented by

the annual adjustments be used as the property tax valuation if the valuation of property was not re-ascertained every three years as required elsewhere in the law. Interestingly the Guam Legislature passed this law in reaction to the Attorney General of Guam's position in 2003. The law cannot legislate the reality of what the market forces have done to substantially impact and lower Guam's real property values. Market studies exist showing that shortly after 1993 property values dropped about 40% for residential properties, and up to 80% for commercial properties. However, the holding of *Sioux City Bridge* instructs that a statutory valuation requirement must give way to the requirements of equality and uniformity, and taxing officials must not rely on a statute which overvalues real property for tax purposes.

Thus, under *Sioux City Bridge*, the provision in § 24306 authorizing reliance on the last completed valuation, annually adjusted, must cede to constitutionally mandated equal and uniform assessments as embodied in the triennial assessment provisions, particularly in light of the growing disparity between landowners whose property was assessed for property tax purposes before 1996, and those whose property was assessed after 1996. Hence, Count III states a valid equal protection claim, which, in turn, incorporates a valid due process claim. Therefore, Defendant's motion to dismiss for failure to state a claim relating to equal protection and due process violations should be denied.

In addition, Plaintiff states valid constitutional claims in Counts I, II and III under the holdings in *Berne Corp. v. Gov't of Virgin Islands*, 262 F. Supp. 2d 540 (D.V.I. 2003), *aff'd*, 105 Fed. Appx. 324 (3d Cir. 2004). In *Berne*, real property owner taxpayers sued the government in a civil rights action to compel the territorial

government to appraise, assess, and tax their real property based on its actual value. *Berne*, 262 F. Supp. 2d at 547; *see* 42 U.S.C. § 1983. The taxpayers alleged that the government was violating their civil rights because the government was not complying with a Federal statute, 48 U.S.C. § 1401a, which requires real property taxes to be calculated based on the actual value of the property. *Berne*, 262 F. Supp. 2d at 547. This statute is not only a Federal law but also comprises part of the Organic Act of the Virgin Islands. The district court held that the territorial government's real property tax methodology "directly conflicts with the clear mandate of federal law that all real property in the Virgin Islands be assessed its actual value." *Id.* at 560. As a result, the district court concluded that the territorial government had violated the taxpayers' civil rights. *Id.* at 561. On appeal, the Third Circuit Court of Appeals affirmed, finding that "the plaintiffs adequately presented the constitutional claims [based on due process and equal rights violations] on the face of their complaint". *Berne*, 105 Fed. Appx. at 328.

In the instant case, the Government of Guam, like the plaintiffs in *Berne*, alleges due process and equal protection violations, as well as uniformity violations, along with supporting factual allegations. Thus, like the plaintiff taxpayers in *Berne*, the Government has adequately presented its constitutional claims on the face of the Complaint. As a result, Defendants' motion to dismiss for failure to state a claim should be denied.

///

///

///

Page 32
*The People's Opposition to Motions to Dismiss and to Stay*
District Court of Guam Civil Case Number CV05-0038

Case 1:05-cv-00038   Document 30-3   Filed 04/14/2006   Page 5 of 10

# IX.

## Legal & Public Policy Reasons Warrant This Action Proceeding.

The Opposition argues that a stay of the present litigation is in order because some of the reasons advanced by Defendants in favor of dismissal of this action "require the Court to determine the [e]ffect [of the outcome of the impending appeal] of *In re Camacho,* 2003 Guam 16, on this proceeding". Oppositions' Memo at p. 20. Defendants contend that they will otherwise have to re-litigate issues already decided in the Bond Case appeal.

As argued in Part V, *supra,* even if the Guam Supreme Court's Opinion in the Bond Case is ultimately upheld, re-litigation of the issues decided in that case would *not* be barred because of collateral estoppel, because of the exception to collateral estoppel for "unmixed questions of law" in successive actions involving substantially unrelated claims. As a result, staying this action until final resolution of the Bond Case appeal will not spare Defendants from re-litigating any issues, even if the Governor ultimately prevails in the Bond Case appeal. Unmixed questions of law may be re-litigated in successive actions involving substantially unrelated claims. Thus, the issues raised in the Bond Case could be re-litigated in the instant action because the claims and issue raised here are unrelated to the claims and issues raised in the Bond Case.

Continuing and ongoing harm is occurring to the People of Guam. Property is being taken from taxpayers which should not otherwise be taken without due process of law. To stay this action will only permit Defendants to continue an oppressive and illegal system of conduct to the detriment of the taxpaying U.S. citizen residents of

Guam. Defendants have shown no good faith since the 2003 litigation was initiated which highlighted the failure and need of government officials to conduct a comprehensive appraisal of property on Guam. In fact, they come to this Court with unclean hands attempting to avoid having to exercise their legal duties under Guam law. Without the appraisal as required by law, money is being assessed and levied by Defendants without due process of law, and creating a disparate treatment of taxation between those who had their lands appraised in 1993 and those who had their lands appraised post 1996.

The Governor has a Congressionally mandated duty for the faithful execution of the laws of Guam. 48 U.S.C. § 1422. Defendants in this case have failed to faithfully perform their duties to enforce the law, requiring this action be brought by the Attorney General of Guam. In *Berne Corp. v. Gov't of Virgin Islands*, 262 F. Supp. 2d 540 (D.V.I. 2003), *aff'd*, 105 Fed. Appx. 324 (3d Cir. 2004), the Federal Courts intervened to protect the taxpayers against an oppressive system which had failed to perform its property appraisal duties. In *Berne*, real property owner taxpayers sued for an injunction to stop the territorial government from basing real property taxes on something other than the actual value of the property. *Berne*, 262 F. Supp. 2d at 547. The district court held that the territorial government had violated the taxpayers' civil rights and granted the injunction. *Id.* at 565. The Third Circuit affirmed. *Berne*, 105 Fed. Appx. at 327.

Here, the Government of Guam, like the taxpayers in Berne, seeks an injunction to compel the triennial assessment in order to rectify constitutional violations of uniformity, due process and equal protection resulting from Defendants' inaction with respect to their duties regarding the property tax assessment process. Because Plaintiff has submitted a well-pleaded

complaint, it has made a prima facie showing of the need for an injunction. Therefore, this Court should deny Defendants' motion to stay.

In addition, the Attorney General of Guam maintains an obligation to bring actions to protect the public interest, *supra*, and has been recently elevated and empowered by Congress to bring actions such as this, free from Gubernatorial control and the negative politics which has in the past hurt this Territorial Community. **Exhibit J.**

If the District Court does not timely intervene, Congressionally-mandated protections, such as due process and equal protection, may never be implemented as they relate to real property taxation. The Federal laws affecting Guam were enacted to protect U.S. citizens living in this frontier Territory from harm from even local government officials. This enforcement action was brought to bring back into harmony statutes, and officials, which were designed, and who were elected, to fairly and equitably control the taxation of U.S. citizens residing on Guam from having their property indiscriminately taken.

Given the foregoing, there is no reason for the Court to stay this action, and Defendant's motion should rightly be denied.

# X.

## Conclusion.

In light of the foregoing, Plaintiff's Complaint alleges sufficient facts for this Court to find that it has subject matter jurisdiction and that the People of Guam (Plaintiff Government of Guam), through the Attorney General of Guam, maintain standing to bring this action pursuant to statutory authority and common law and statutory principles of sovereignty and *parens patriae.*

Plaintiff Government of Guam's complaint alleges sufficient facts to state a valid claim based upon constitutional violations of uniformity, due process and equal protection. Collateral estoppel does not bar this action, nor does it give this Court any reason to stay the action. Therefore, the taxpaying People of Guam respectfully ask that Defendants' Motions be rightfully denied.

Respectfully submitted this 14th day of April, 2006.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**
**Attorneys for Plaintiff Government of Guam**

_____
JOSEPH A. GUTHRIE
Deputy Attorney General of Guam

# CERTIFICATE OF SERVICE

I, Joseph A. Guthrie, certify that I caused a copy of the foregoing to be served upon the following on April 14, 2006, via hand delivery at the following addresses:

Counsel Defendant Felix P. Camacho, Governor of Guam:

**Shannon Taitano, Esq.**
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910

**Daniel M. Benjamin, Esq.**
Calvo & Clark, LLP
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913

Counsel Defendant Artemio B. Ilagan, Director of the Department of Revenue and Taxation:

**David W. Hopkins, Esq.**
Cabot Mantanona, LLP
825 South Marine Corps Drive
Tamuning, Guam 96913

Respectfully submitted this 14th day of April, 2006.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**
**Attorneys for Plaintiff Government of Guam**

*/s/ Joseph A. Guthrie*
JOSEPH A. GUTHRIE
Deputy Attorney General of Guam