# Exhibit

# A

CARL T. C. GUTIERREZ
GOVERNOR OF GUAM

MADELEINE Z. BORDALLO
LIEUTENANT GOVERNOR OF GUAM

CHARLES H. TROUTMAN
COMPILER OF LAWS



OFFICE OF THE ATTORNEY GENERAL
TERRITORY OF GUAM

Compiler of Laws Division
238 F.C. Flores Street, Suite 701
Agaña, Guam 96910-5185

PHONE: +671 475 3309
FAX: +671 472 6992
E-MAIL: troutman@ns.gu

April 1, 1997

Honorable Robert Underwood, MC.
House of Representatives

FAX: Guam 477-2587
Washington, DC 202-226-0314

Dear Congressman Underwood,

Here are my comments on your proposed amendments to the Organic Act:

1.  Unfortunately your proposal with respect to education will not solve the present lawsuit. The issue being litigated now is that other provisions of the Organic Act establish three branches of government, the general (not specific) supervision of the Governor over the Executive Branch and the power of the Legislature to appropriate funds. DOE is arguing that the existing language overrides these basic structures f government, enabling a fourth branch, totally separate and apart from the executive, to exist and to be funded without any input from the Executive. Some recent proposals, one of which was declared unconstitutional at the trial level, would have automatic appropriations if the Legislature did not object within 45 days. Unless the education sections are specific, I see no end to suits and disputes.

Therefore, I suggest that your amendment specify whatever structure you wish to propose, en elected board; an state-level board under the Governor with elected district boards (like in the US) to be created by the Legislature; or whatever. You need to be specific if you are to avoid more litigation. Indeed, your proposal would seem to indicate that public education could be created totally separate and apart fro the government. Is that your intent?

Your amendment regarding the Attorney General is very welcome. However, it goes only one-third of the way. Section 1421g(c) (Organic Act) provides for a Public Prosecutor:

(c) Office of Public Prosecutor; Office of Public Auditor. The Government of Guam may by law establish an Office of Public Prosecutor and an Office of Public Auditor. The Public Prosecutor and Public Auditor may be removed as provided by the laws of Guam.

One reason why the law was never implemented was that it would, *de facto* require a split of the Attorney General's Office. Our experience under the 16th Legislature (before it was declared inorganic) was not all good. Political was not removed from the office and never will be. Another reason for ignoring this law is that it does not provide any specific powers, nor means for appointment, and hence no local consensus.

I have always been of the opinion that the means of appointment is far less important than the tenure of office. We do not elect federal judges, but their independence is assured through other mechanisms. Yet an elected Attorney General would not necessarily be bad, though by no means would anything get solved by such a change. Now that person would have a personal agenda to pursue, as well as that of the general government. I saw this shift when I was representing both the appointed and. later, the first elected Board of Education. Also, the position, if you mention it at all, must be created by the Organic Act, not just permitted. Permission would permit the creation of another office with lesser powers to get around the fact that the Attorney General is the legal officer for the Government of Guam — and there are many who would do just that! The Organic Act should stop games playing as much as possible, not increase it.

The Constitution of Illinois is an excellent example of a very good Attorney General. Modifying the concepts found there for Guam (unicameral legislature, etc.), I suggest the following changes to your proposed bill:

"(d)(1) There shall be with the Executive Branch of the Government of Guam an Attorney General, who shall be [elected by the voters of Guam] [appointed by the Governor with the advice and consent of the Legislature]. The Attorney General shall server for a term [{if elected} commencing at the same time as the term of the Governor of Guam and ending at the same time] [{if appointed} ending at the same time as the term of office of the appointing Governor, but the Attorney General and until a successor is appointed and qualified.] [{If elected} The Attorney General may be removed from office in the same manner as may be the Governor of Guam.] [{If appointed} The Governor may remove the Attorney General, but only for cause provided in law, or if he be convicted of a felony or a misdemeanor involving moral turpitude. However, the Attorney General may appeal such removal to the Supreme Court of Guam.]

(2) The Attorney General shall be the legal officer of Guam, and shall be the Public Prosecutor of Guam, and shall have the duties and powers that may be prescribed by law."

The material in brackets [...] are alternatives depending upon the choice as to method of appointment. I am concerned about your draft because, in leaving it solely up to the Legislature, you are not creating a strong office, but rather a weak one having no improvements over the present situation. You should also repeal the current section permitting a Public Prosecutor and regulating that officer's removal.

3.  With modern communications, it is high time that we do not require an acting Governor whenever the Governor leaves island.

4.  Supreme Court. This is an excellent proposal, and will solve many problems. However, I do have some suggestions. I do not think § (a)(3) will work. While it may good to provide for some inherent powers, I think you have done it as much as can be done by providing that the Supreme Court is the highest court of Guam. Each state has its own history and doctrine as to what are its inherent powers. It really is not possible to apply the doctrine of 50 states to one jurisdiction. There are too many contradictions. There are too many different state constitutional provisions on the subject.

In the same way as my suggestions in for the other amendments, I suggest that you provide for the appointment and removal of the judges and justices. In the past, there have been amendments to such provisions to ensure that certain individuals are made judges, even where they were not qualified under the prior law. (Some have turned out to be good judges, but that does not mean we should pass laws for particular persons.)

Again, the Illinois Constitution can be instructive, but here the complex structure of the State judiciary makes copying not practical. However, as a replacement for item (3), I suggest the following:
>   General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. The Supreme Court shall appoint an administrative director and staff to assist the Chief Justice in his duties. The administrative director shall serve at the pleasure of the Court. Subject to the overall direction of the Supreme Court, the Legislature may provide for the staff structure and employment in the lower court(s) of Guam.

Assuming that you do not want to change the appointment and tenure of the justices and judges, I suggest the following changes to subsection (c):
>   (c) The qualification and duties of the justices and judges of the local courts of Guam, and the practice and procedure of these courts, shall be governed by the laws of Guam.

I have trouble in finding the reference to your amendment to 22C relative to appeals. Are the citations correct (or my sources incorrect)?

Thank you for the opportunity to express my observations on this proposal.

Sincerely yours,

*Charles H. Troutman*

CHARLES H. TROUTMAN

# Exhibit

# B

ROBERT A. UNDERWOOD
Guam

NATIONAL SECURITY COMMITTEE
SUBCOMMITTEES
Military Readiness
Military Personnel
Military Installations and Facilities

RESOURCES COMMITTEE
SUBCOMMITTEE
National Parks and Public Lands



## Congress of the United States
### House of Representatives
### Washington, DC 20515–5301

WASHINGTON OFFICE.
674 Cannon House Office Building
Washington, DC 20515-5301
Ph: (202) 225-1188
Fax: (202) 226-0341
e-mail: guamdodel@hr.house.gov

GUAM OFFICE:
Suite 107
120 Father Duenas Avenue
Agana, GU 96910
Ph: (671) 477-4272/73/74
Fax: (671) 477-2587

July 10, 1997

Mr. Charles H. Troutman
Guam Compiler of Laws
Office of the Attorney General
238 Archbishop F.C. Flores Street, Ste. 701
Agana, Guam 96910-5185

Dear Attorney Troutman:

Thank you for your continued input on my proposals to amend the Organic Act of Guam. I recently sponsored a questionnaire designed to obtain the input of Guam's people on three proposed amendments. These are (a) an amendment that would confirm the Supreme Court's authority over the judicial branch of our government; (b) an amendment that would provide for an elected Attorney General; and (c) an amendment concerning the powers of the Governor and Lt. Governor when they are off-island and on official business. The results were encouraging and I am prepared to advance the amendments concerning the Supreme Court and the Attorney General.

In your correspondence of April 1, you recommended that the office of Attorney General be provided for by the Organic Act of Guam regardless of whether it is an elected or appointed position. The Twenty-third Guam Legislature passed a unanimous resolution last session, in favor of an elected Attorney General. Nearly 70% of the respondents to my questionnaire were in favor of an elected Attorney General. Some 53% of those who favored an elected Attorney General preferred to give the Guam Legislature the authority to create such an office.

I have attached draft language that would enable the legislature to provide for an elected Attorney General. The language establishes the office of Attorney General in the Organic Act and specifically provides the means for appointment and removal. Should the legislature choose to exercise this authority, are there any provisions you wish to see included in this legislation?

Please review the draft language and provide me with your input as soon as possible. Once again, thank you for your assistance.

Sincerely,

ROBERT A. UNDERWOOD
Member of Congress

Enclosure
RAU:it

10  SEC. 3. ESTABLISHMENT OF OFFICE OF ATTORNEY GEN-

11       ERAL.

12       Section 29 of the Organic Act of Guam (48 U.S.C.

13  1421) is amended by adding at the end the following new

14  subsection:

15       "(d) The Government of Guam may establish by law

16  an Office of the Attorney General of Guam within the ex-

17  ecutive branch of the Government of Guam. Such law

18  shall—

19            "(1) provide for the Attorney General of Guam

20       to be—

21                 "(A) appointed by the Governor, with the

22            advice and consent of the legislature, for a term

23            ending when a successor is appointed and quali-

24            fied; or

3

1       "(B) elected by the people of Guam at the

2     same time, for the same term, and subject to

3     removal in the same manner as provided for the

4     Office of Governor of Guam; and

5       "(2) set forth the duties and compensation of

6     the Attorney General of Guam.".

# Exhibit

# C

DEPARTMENT OF LAW



**CARL T.C. GUTIERREZ**
Maga'lahi
Governor

**MADELEINE Z. BORDALLO**
Tinhente Gubetnadora
Lieutenant Governor

Ufisinan Hinirit Abugao
Tiritorian Guåhan

### OFFICE OF THE ATTORNEY GENERAL
Territory of Guam

**CALVIN E. HOLLOWAY, SR.**
Hinirit Abugao
Attorney General

**CHARLES H. TROUTMAN**
Rikobidot I Lai Guåhan Siha
Compiler of Laws

July 16, 1997

Hon. Robert A. Underwood, M.C.
170 Father Duenas Avenue, Suite 107
Agana, GU 96910

Dear Congressman Underwood,

Thank you for sending me the draft amendment to the Organic Act on the Attorney General. I do have a few comments.

First, if the position is to be appointed, I believe that the Organic Act should make it a true "constitutional position" by providing not only a method of removal (other than at the will of the Governor) but also provide for the basic functions of the position, as I mentioned in my earlier letter. The first, regarding removal, is required to overcome the judicial decisions that invalidated the former Public Prosecutor — that the Organic Act as written did not permit the Legislature to protect the office from removal for any reason if the Governor so desired. The Organic Act has been amended with respect to the "public prosecutor" to permit the Legislature to regulate the manner of removal of the officer. To make a meaningful amendment, such must be added here, or we will revert to pre-1984 law.

Second, if there is any substantive meaning to your amendment, the Attorney General needs to have some basic constitutional powers that are not subject to the Legislature's total will. Once before, the Legislature removed from the Attorney General the power to challenge unconstitutional laws because it did not like one challenge he brought. That limitation was removed when the Public Prosecutor law was invalidated. I do not want to see that kind of skirmishing reinvented.

Therefore, I suggest the following changes to your proposal:

Compiler of Laws Division (Dibision Fanrikohiyan I Lai Guåhan Siha)
238 Archbishop Flores Street, Suite 701 ● Agaña, Guam 96910-5185 USA
Phone: (671)-475-3252 ● Fax: (671-472-6692 ● E-mail: troutman@ns.gu

Case 1:05-cv-00038     Document 30-4     Filed 04/14/2006     Page 11 of 24

beginning on line 22, page 2:

> "(A) appointed by the Governor, with the advice and consent of the legislature, for a term ending when a successor is appointed and qualified, and subject to removal only for causes stated in law; or"

change item (d)(1)(A)(2) to (d)(1)(A)(3) on line 5 of page 3.

> "(2) set forth the duties and compensation of the Attorney General, who, in addition, shall be the chief legal officer of the Government of Guam having cognizance over all legal matters in which the government is in anywise interested."

The broad language comes from the existing law on the jurisdiction of the Attorney General, but haw been modified with reference to other agencies. I do not see this language as eliminating the use of outside counsel for various agencies, but would keep a check on having many and diverse legal "empires" within the government of Guam. This is the same idea as expressed in the 1970 Illinois Constitution.

Thank you for your consideration.

Sincerely yours,

*Charles H. Troutman*

CHARLES H. TROUTMAN
Compiler of Laws

# Exhibit

# D

# DEPARTMENT OF LAW



CARL T.C. GUTIERREZ
Maga'låhi
Governor

MADELEINE Z. BORDALLO
Tiñente Gubetnadora
Lieutenant Governor

Ufisinan Hinirât Abugao
Tiritorian Guåhan

CHARLES H. TROUTMAN
Hinirât Abugao
Attorney General (Acting)

CHARLES H. TROUTMAN
Rikohidot i Lai Guåhan Siha
Compiler of Laws

## OFFICE OF THE ATTORNEY GENERAL
### Territory of Guam

September 2, 1997

Dear Congressman Underwood,

I am sorry for the delay, but I have been somewhat busier this month. I think Bill 354 by Senator Barrett-Anderson has several defects. First, it is inorganic for two reasons. I do not believe that the present Organic Act permits election even for a Public Prosecutor. The amendment permitted the establishment of the office of Public Prosecutor, and permitted the laws of Guam to regulate his/her removal. No mention is made of appointment. Therefore, I conclude that appointment of this Executive Branch officer still remains with the Governor as provided elsewhere in the Organic Act. Second, I believe it is inorganic to expand the idea of a Public Prosecutor to mean the entire legal representation of the Government of Guam. The legislative history will show that the Organic Act was amended in answer to the rejection of the Territorial Prosecutor by the courts. The US Supreme Court has never allowed such expansive readings of the Organic Act. See *People v. Olsen.*

For this reason, the Bill is premature. It is especially so when one considers the fact that the 9th Circuit refused to give retroactive effect to the School Board amendments found in the same Omnibus Bill as are these amendments.

The Bill is incomplete. It should address the reorganization of the Attorney General and the various problems now besetting the Office if the means of selection is to be changed this drastically. There a number of local problems, rightfully the subject of local legislation, that need addressing. Such include the relationship between the Attorney General and counsel assigned or and/or hired by individual agencies, their funding, etc.

Compiler of Laws Division (Dibision Fanrikobiyan i Lai Guåhan Siha)
238 Archbishop Flores Street, Suite 701 ●Agaña, Guam 96910-5185 USA
Phone: (671)-475-3252 ● Fax: (671)-472-6992 ● E-mail: troutman@ns.gov.gu

I don't particularly care if the Prosecution Division is separated from the Attorney General, but only if there is enough control remaining in the Attorney General so that he/she still retains general supervision over the legal affairs of the Government of Guam. Most, if not all, state attorneys general retain the power to file appeals ro decline them, and to take over prosecutions in cases of conflict of interest or other good reasons. I believe the general attitude to divorce all the legal activities from "the Governor" is just plain bad policy.

Concerning your Bill, I would hope that you can amend it to provide that the Attorney General, no matter how he/she is selected, has the "constitutional" duty of being the chief legal officer for the Government of Guam and has some form of "constitutional" tenure of office. If elected, removal probably would be in lake manner to that of the Governor. If appointed, removal could be only for stated causes.

Thank you for your consideration.

Sincerely yours,

*Charles H. Troutman*

CHARLES H. TROUTMAN
Compiler of Laws

# Exhibit

# E

# Committee on Resources

## Witness Testimony

### Attorney General Charles Troutman
Statement - Guam Commonwealth Act
October 29, 1997

Dear Mr. Chairman,

Thank you for holding hearings on H.R. 2370, "A Bill to amend the Organic Act of Guam for the purpose of clarifying the local judicial structure and the Office of the Attorney General." A Bill such as this is sorely needed on Guam and will finally create a genuine three-branch form of government for Guam. I would appreciate it if you would enter this testimony into the record of the Hearing.

TESTIMONY OF

CHARLES H. TROUTMAN

ACTING ATTORNEY GENERAL OF GUAM

IN FAVOR OF H.R. 2370

Mr. Chairman and members of the Committee on Resources,

Perhaps it may seem strange to be testifying on an amendment to the Organic Act at the same hearing as we are testifying for a Bill which would completely replace that Act. I believe that Congress should pass both Bills, but with changes. To be realistic, a Guam constitution is several years in the future. The federal law authorizing a Guam Constitutional convention now has a sufficient number of problems so that trying to use it to create a constitution is not a practical possibility. In the past, Congress has amended the Organic Act to supposedly permit the people of Guam to do one thing or another, but, since 1984, the effects have been definitely mixed. The amendment regarding the educational system has caused lawsuits and is still the subject of much confusion simply because it is so vague and unclear, especially when dealing with such an important subject. Likewise, and contrary to the provisions of most state constitutions, reference to creating a "public prosecutor" continues to cause severe doubts as to whether that position can be elected, or must be appointed, and what can be the true scope of that office. The amendment permitting the creation of the Supreme Court has been partially successful, in that we have a Supreme Court of Guam now, and it has issued its first decisions -- very good ones, by the way.

But still Guam does not have a true government consisting of three branches of local government. The very existence of all of our local courts are subject to the will of the Legislature. Indeed, one person in 1977, now nominated to be a part-time Justice of the Supreme Court, advocated the abolition of the entire local court system, relying instead on a federal District Court of Guam having multiple judges. Fundamentally, the structure of the courts has not changed since 1977. They are still not a separate, fundamental branch of the government. Further, the District Court of Guam remains, even in HR 2370, the court of general jurisdiction for Guam, whatever that now means -- -- just one more ambiguity that we do not need.

Case 1:05-cv-00038   Document 35-4   Filed 04/14/2006   Page 17 of 24

A similar problem exists with respect to the Attorney General. Most of the states have created the Attorney General as a constitutional officer. We now feel that the people of Guam should have that opportunity as well. The Attorney General is patterned after that of the United States Attorney General, appointed by the Governor with the consent of the Legislature. The term of office is indefinite, at the will of the Governor.

Because Guam needs the stability of a firm three-branch system of government, I believe these issues should be addressed forthrightly now. The Congress should not, as it did in the past amendments, make them vague in the extreme, with the explanation that the Congress did not wish to dictate how the people of Guam are to conduct its government. As long as we have an Organic Act, Congress does dictate, and the people require a better system as soon as possible.

I first testified on the need for a "constitutional" judiciary back in late 1976 when the late Delegate from Guam, Antonio Won Pat, had introduced a bill creating and establishing a Supreme Court for Guam. That Bill died in committee largely because the U.S. Supreme Court was considering the ability of Guam to create its own Supreme Court under the Organic Act as it then existed. Further hearings were held on Guam by the Pacific Territories Committee of the Administrative Office of the U.S. Courts. Those hearings resulted, in 1984, in the current Organic Act provisions permitting the Legislature to create an "appellate court" locally. That court was created and began operations in the middle of 1996. It has issued about a dozen decisions since then.

Since the Guam Supreme Court's creation, there has been skirmishing between it and the superior Court of Guam, and the Legislature, over whether the Supreme Court will really be the highest court of the Territory. For so long, the local courts consisted only of the Superior Court of Guam that giving up power is a very hard thing to do. Further the past history of the Superior Court and the Legislature will show that there is a need to make "constitutional" such things as the powers of the courts, their respective jurisdictions and, perhaps, terms of office.

I do have some concerns with Bill HR 2370. First, Section 2 appears ambiguous. What is intended by making the District Court of Guam, now a federal court with no local appellate functions, part of a "unified judicial system" of Guam? Does this imply some form of review by the District Court over the court system of Guam? Does this section imply that the District Court judge has some form of management power over the Guam courts?. I sincerely hope not. Congress already has imposed a fifteen-year period of review of the Supreme Court's decisions by the Ninth Circuit (by certiorari), though no such review has yet been sought by any party.. Rather, I believe that the District Court should be made more like an Article III court rather than part of the Guam judiciary system. Just what does this section mean?

Actually, I would like to see the United States constitutional standard for federal judges applied to the District Court of Guam. If this method of appointment is so important to the American system, why are the U.S. citizens of Guam not entitled to a similar federal judiciary rather than one which is appointed and reappointed every 10 years?

There seems to be one missing piece to this Bill -- no mention of a term or qualifications for the Supreme Court or Superior Court justices and judges. This is one area where the Legislature has, in the past, acted to insure the appointment of judges it desired. On one occasion, a law was passed extending the terms of all the judges so that one judge would not have to go through re-appointment by the then-Governor -- thus insuring his continuation in office. On a more recent occasion, the Legislature lowered the age and practice qualifications for the Superior Court so that a younger attorney could be appointed to a vacancy in the Superior Court. It is here that I believe more protection is needed rather than in some of the details contained in the present Bill.

Nevertheless, I support the provisions of this Bill concerning the Guam courts. I would urge your consideration of those items I have mentioned and make the necessary changes to this measure.

Concerning Section 3 of HR 2370 -- affecting the position of Attorney General, I support Congressional action on this subject, but the present proposal is seriously deficient. I served as Attorney General from 1975 through 1977, and for extended periods as Acting Attorney General in 1987 and again presently. I have worked in the Attorney General's Office of Guam since 1970 with about two years out in private practice. There have been great changes in the Office during the past 27 years, but one thing remains the same -- the Attorney General is appointed, as is the United States Attorney General, to serve at the pleasure of the chief executive. This has hindered the development of the Office, but in general not because of improper interference by the Governor, any Governor, but because the Office has been unable to develop a vision of its own. I have been told by some state Attorneys General that they could not serve under such conditions.

In addition, the present Organic Act provides only that a "public prosecutor" may be created by the Legislature and that the Legislature may by law regulate that officer's "removal". There is no mention of how that officer is to e appointed. This has caused considerable confusion and controversy as the Legislature has tried to create an elected position, which I do not believe is presently permitted. Likewise, the Legislature has tried, but not yet passed, a bill which would make the Attorney General, now having both criminal and civil responsibility, the "Public Prosecutor", and then be an elected official.

Right now, I express no preference for an appointed or elected Attorney General, **so long as the position is defined as "constitutional" (in the Organic Act) and the overall duties and functions provided in the Organic Act,** much as is found in the Constitution of the State of Illinois. Thus, I believe that three amendments are required to Section 3 of this Bill in order to make a serious difference in the Attorney General's functions:

First, repeal the reference in the Organic Act to the "public prosecutor". This office has never been created and the ambiguities in the present law will only be compounded if it is permitted to stand alongside the amendments proposed here. If it is desirable to keep a reference to a "public prosecutor" in the Organic Act, then it should be mentioned in Section 3 of this Bill, but only in such a way so as not to subordinate the Attorney General in that position's overall duties as Chief legal officer of Guam. The Public Prosecutor could contain similar provisions as are given to the Attorney General, permitting the Legislature to create and appointed or elective office. The point is, we do not need two "Attorney General" positions for Guam.

Second, On page 6, lines 24-25, the duties of the Attorney General should be changed by deleting item (d)(2) and adding the following below subsection (d) so that it is of equal standing and not subordinate to subsection (d):

"The Attorney General shall be the chief legal officer of the territory of Guam and shall have such other duties and such compensation as the Legislature may provide by law."

Third, a provision needs to be made to insure the viability of the office by providing some stability of the term. This is actually far more important than the method by which the Attorney General is to be selected. Therefore, I strongly urge another amendment, probably just following my second suggestion, which would read:

"Whether the Attorney General be appointed, as provided in subsection (d)(1)(A), or elected, as

provided in subjection (d)(1)(B), the term and method of removal of the Attorney General shall be the same as is provided for an elected Attorney General."

These last amendments would provide what is really needed by the Attorney General -- a basic statement of duties and a term that was not at the pleasure of any official. Of course, the Legislature could provide for vacancies as it does now. I believe that my amendments will do more for the Office than will a mere providing for Legislative choice of appointment or election. I recognize that the people of Guam seem not to be decided upon the method of choosing the Attorney General. This does not matter that much. What does matter, is that the Attorney General have the independence once he or she is in office, to accomplish the duties of the Office and to develop that office to the degree it deserves.

While Section 3 clears up one glaring ambiguity in the present Organic Act, it does little to address the real, substantive problems of the Attorney General. I urge this Committee to amend Section 3 of H.R. 2370 to address the concerns I have with regard to the Office of Attorney General on Guam.

Thank you for your kind attention.

CHARLES H. TROUTMAN

Attorney General of Guam (Acting)

###

# Exhibit

# F

# As Introduced Version of Bill

10 SEC. 3. ESTABLISHMENT OF OFFICE OF ATTORNEY GEN-

11 ERAL.

12     Section 29 of the Organic Act of Guam (48 U.S.C.

13 1421) is amended by adding at the end the following new

14 subsection:

15     "(d) The Government of Guam may establish by law

16 an Office of the Attorney General of Guam within the ex-

17 ecutive branch of the Government of Guam. Such law

18 shall—

19         "(1) provide for the Attorney General of Guam

20     to be—

21             "(A) appointed by the Governor, with the

22         advice and consent of the legislature, for a term

23         ending when a successor is appointed and quali-

24         fied; or

F:\M5\UNDERW\UNDERW.010

**3**

1    "(B) elected by the people of Guam at the

2  same time, for the same term, and subject to

3  removal in the same manner as provided for the

4  Office of Governor of Guam; and

5    "(2) set forth the duties and compensation of

6  the Attorney General of Guam.".