SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

ARTHUR B. CLARK, ESQ.
JANALYNN C. DAMIAN, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

**FILED**
DISTRICT COURT OF GUAM
MAY 12 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM<br><br>Plaintiff,<br><br>-v-<br><br>FELIX P. CAMACHO, as the Governor of Guam, et. al.<br><br>Defendants. | CIVIL CASE NO. 05-00038<br><br>**THE GOVERNOR OF GUAM'S RESPONSE TO THE COURT'S BRIEFING ORDER OF MAY 1, 2006** |

**ORIGINAL**

Defendant Governor of Guam Felix P. Camacho (the "Governor") submits this response to the Court's briefing Order of May 1, 2006. In the briefing Order, the Court asked the parties to address the issue of "whether an individual taxpayer may pursue the injunctive and declaratory relief which is sought by the Attorney General." The Governor's answer to the Court's inquiry is in three parts.

**First, the Governor does not believe anyone is entitled to seek declaratory and injunctive relief in the form sought by the AG.** By well-established traditions of comity, a federal court will not exercise jurisdiction over injunctive or declaratory relief claims concerning state taxes unless the existing procedures are inadequate to permit a challenge at law. *Matthews v. Rodgers*, 284 U.S. 521, 525-26 (1932). Here, there are adequate administrative and judicial remedies at law that allow a taxpayer to challenge an unlawful assessment of property taxes— including a challenge claiming that a new island-wide appraisal is required. *See* 11 G.C.A. §§ 24509-11, 24513, 24906-07, 24909-10 (the relevant statutory laws allowing pre-payment and post-payment challenges to tax assessments, and creating a right to appeal any administrative decision to the courts); *In re Camacho*, 2003 Guam 16, ¶ 41 (Guam's real property tax law "provides mechanisms to protect taxpayers from being taxed on an inaccurate assessment"). Assuming *arguendo* a taxpayer succeeded in such a challenge, this would relieve the taxpayer of the burden of paying his or her property taxes until a new island-wide assessment occurred. Thus, there is no need for injunctive or declaratory relief because sufficient relief at law already exists.

**Second, individual taxpayers seeking identical injunctive or declaratory relief to the relief sought by the AG would face no obvious obstacles to such a suit that the AG does not already face.** Barring an individual defect unique to a particular taxpayer's claim (*e.g.*, if there was a statute of limitations defect), the Governor is unaware of any defense unique to claims by individual taxpayers that cannot also be asserted in opposition to the AG's claims. Thus, along with a defense based upon the availability of remedies at law (an issue that both the AG and individual taxpayers must confront), an individual taxpayer seeking declaratory or injunctive relief would face obstacles already faced by the AG—*i.e.*, the Governor's position as stated in his

papers in support of his motion to dismiss that such claims cannot be stated as a matter of law because the current tax system has *not* violated (1) the "uniformity" requirement of the Organic Act, (2) due process, or (3) equal protection.

**Third, the AG faces obstacles to bringing claims for injunctive or declaratory relief that individual taxpayers would not face.** Assuming *arguendo* that injunctive or declaratory relief claims would otherwise be valid, the AG faces unique obstacles to the successful prosecution of his suit that individual taxpayer would not face. Because the AG is bringing suit *parens patriae*, he faces unique standing objections regarding his ability to assert such a suit as stated in the Governor's papers in support of his motion to dismiss. These standing issues would not apply to an individual taxpayer who (because of the fact that he or she is a property owner subject to a property tax assessment) has standing on his or her own behalf to challenge the property tax system (subject, of course, to the issues stated above).

Thus, while there is no need at this juncture to determine whether individual taxpayers definitely could or could not bring declaratory and injunctive relief claims, it is possible to conclude that individual taxpayers are better situated to attempt to bring such claims than the AG. As a result, this further supports the Governor's position that the AG lacks standing in this case, which (if brought at all) is best brought by individual taxpayers.

DATED this 12th day of May, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys for Defendant
*Felix P. Camacho, Governor of Guam*

By: /s/ Arthur B. Clark
ARTHUR B. CLARK